IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARVONTE WOODSIDE                                        PLAINTIFF

VERSUS                                  Cause No. 5:26-cv-168-DCB-RPM

LASHONDA GRAYSON; JOHNNY CLARKE;                        DEFENDANTS
OLIVER PACKNETT; CENTREVILLE
POLICE DEPARTMENT; TOWN OF
CENTREVILLE, MISSISSIPPI

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss [ECF No. 17] all of Plaintiff Garvonte Woodside's ("Plaintiff Woodside's") claims filed by Defendants Lashonda Grayson, Johnny Clarke, Centreville Police Department, and Town of Centreville, Mississippi ("Centreville Defendants"). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges claims of false arrest, false imprisonment, malicious prosecution, and due process under the Fourth, Eighth, and Fourteenth Amendments, as well as a state law defamation claim. The Court, having considered the Centreville Defendants' Motion [ECF No. 17], Plaintiff Woodside's Response [ECF No. 20], the Centreville Defendants' Reply [ECF No. 22], the applicable law, and all relevant legal authority, finds that the Motion is well-taken and should be GRANTED in full.

I.   Background

On July 3, 2022, Plaintiff Woodside was arrested for the murder of Lakendrick Washington. [ECF No. 1] at 2. He bonded out

and remained out on bond until April 13, 2023. Id. He was rearrested in April of 2023 after being accused of violating a condition of his bond. Id. From April 2023 until August 2024, well over a year, Plaintiff Woodside was incarcerated at the Wilkinson County Jail until the state District Attorney's Office filed a Motion to Enter a Nolle Prosequi. Id. at 3. During the August 20, 2024 hearing on the motion in state Circuit Court, the prosecutor articulated multiple reasons for the dismissal:

(1) The only witness, Ms. Smith, was adamant that she never identified Plaintiff Woodside as the perpetrator, and she was not present at the time of the murder, only hearing the name "Vonte" over the phone;

(2) The state's only evidence consisted of 9mm shell casings, while investigative reports referenced .40 caliber casings, resulting in an inability to establish a chain of custody;

(3) Investigative reports could not confirm if a firearm was recovered, from whom, or whether a third party was involved;

(4) An eyewitness saw only a dark colored vehicle leaving the scene, not the white Impala referenced in the reports, and was adamant that police had the wrong person.

[ECF No. 1-1] at 4-15. At the end of the hearing, the Mississippi Circuit Court Judge granted the Motion to Enter a Nolle Prosequi. In addition, the Circuit Court Judge expressed concern over Plaintiff Woodside's several-month incarceration. Id. at 17-18. Plaintiff filed this action on March 10, 2026. [ECF No. 1].

On May 1, 2026, Centreville Defendants filed a Motion to Dismiss [ECF No. 17], arguing that (1) Plaintiff Woodside fails to state a claim under § 1983, (2) that Plaintiff Woodside fails to

2

plead sufficient facts to establish municipal liability against the Town of Centreville, and (3) that Plaintiff Woodside's state law defamation claim is barred by the applicable statute of limitations. [ECF No. 18] at 3. Plaintiff Woodside responded, conceding that his complaint does not state an individual claim against the City and that the defamation claim is time barred. [ECF No. 21] at 6. However, Plaintiff Woodside argues that law enforcement lacked probable cause to arrest him and that a grand jury indictment based on false evidence does not shield Defendants from liability. Id. at 7. Centreville Defendants replied, asserting that no constitutional violation can be attributed to Defendants Grayson and Clark, as they do not make prosecutorial decisions regarding discovery, and that both officers are entitled to qualified immunity. [ECF No. 22] at 4.

II.   Legal Standard

The Fifth Circuit states that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(citing and quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). A complaint is facially plausible when it contains "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court accepts "well-

3

pleaded facts as true and [considers them] in the light most favorable to the plaintiff." In re ATP Oil & Gas Corp., 888 F.3d 122, 125-26 (5th Cir. 2018)(citing Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010)). However, legal conclusions or a "formulaic recitation of the elements of a cause of action" are insufficient. Iqbal, 556 U.S. at 678. Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements", do not suffice. Id. In ruling on the defendants' motion, the Court may rely on the Complaint, its proper attachments, and documents incorporated into the Complaint by reference. Wolcott v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (citing Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted)).

   III. Discussion

   A. Plaintiff Woodside's state law claim of defamation asserted against the Centreville Defendants and all his federal claims asserted against the Town of Centreville should be dismissed.

   In their Motion to Dismiss, the Centreville Defendants argue that (1) Plaintiff Woodside's complaint fails to allege facts sufficient to establish municipal liability, requiring dismissal of his claims against the Town of Centreville, and (2) Woodside's defamation claim is barred by the applicable one year statute of limitations. [ECF No. 18] at 1. In his response in opposition, Plaintiff Woodside concedes that his complaint does not state an individual claim against the City of Centreville and acknowledges

4

that his state law defamation claim is time barred. [ECF No. 21] at 6.

Accordingly, the Court finds that all claims against the City of Centreville must be dismissed for failure to state a claim for municipal liability, and the defamation claim must be dismissed as it is barred by the statute of limitations.

B. Plaintiff Woodside's 42 U.S.C. § 1983 claims of false arrest, false imprisonment, malicious prosecution, and due process violations should be dismissed.

a. Legal Standard of 42 U.S.C. § 1983.

It is well established that "[s]ection 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) (citing Albright V. Oliver, 510 U.S. 266 (1994)). This means that Section 1983 claims are simply a vehicle for pursuing federal rights violations, including due process violations by state actors. To state a claim for relief under Section 1983, a plaintiff must plead facts demonstrating (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under the color of state law. Id.; Parratt v. Taylor, 451 U.S. 527 (1981); 42 U.S.C. § 1983.

b. False Arrest, False Imprisonment, and Malicious Prosecution Claims under Section 1983.

The Centreville Defendants argue that Plaintiff Woodside's claims for false arrest, false imprisonment, and malicious prosecution fail because the grand jury's finding of probable cause precludes liability. [ECF No. 18] at 4. In support of this proposition, the Centreville Defendants cite to Trevino v. Iden, 79 F.4th 524, 531 & n.4 (5th Cir. 2023), to show that the "independent intermediary doctrine" applies. The independent intermediary doctrine holds that when facts supporting an arrest or prosecution are presented to a neutral decisionmaker (such as a grand jury), the intermediary's decision "breaks the chain of causation" and shields officers from liability. Wilson v. Stroman, 33 F.4th 202, 208 (5th Cir. 2022).

Plaintiff Woodside counters that the independent intermediary doctrine does not apply where "the indictment itself was procured with fraudulent evidence". [ECF No. 21] at 6. In support of this proposition, Plaintiff cites Manuel v. City of Joliet, 580 U.S. 357, 137[1] S. Ct. 911 (2017). Plaintiff Woodside contends that one of two things happened: either (1) the Centreville Defendants failed to inform the grand jury that the purported eyewitness, Ms. Smith, never identified him as the shooter even though she made

---

[1] The Court notes that Plaintiff's citation to Manuel v. City of Joliet, 580 U.S. 357, 137 (2017) appears to be a typographical error, as page 137 does not exist in that reporter. However, the substantive argument that Plaintiff attributes to Manuel accurately reflects the Supreme Court's holding. The Court assumes Plaintiff intended to cite Manuel v. City of Joliet, 580 U.S. 357, 369 (2017).

this clear to law enforcement prior to the indictment; or (2) if law enforcement did not know of Ms. Smith's clarification before the indictment, the indictment could only have been obtained by representing to the grand jury that an eyewitness had identified Plaintiff Woodside, when, according to Plaintiff, "no such thing ever happened." [ECF No. 21] at 5.

The Court takes judicial note that while the independent intermediary doctrine generally shields officers from liability once a grand jury has made a probable cause determination, the doctrine is not absolute. As the Fifth Circuit explained in Trevino, 79 F.4th at 531–32, the "taint" exception allows a claim to proceed if the plaintiff alleges that officers knowingly misled the grand jury either through misstatements or by omitting exculpatory information that would have altered the probable cause finding. Nevertheless, "[o]ur case law also imposes a materiality requirement – that is, even knowing misstatements or omissions will not satisfy the taint exception if the misstated or omitted information would not have altered the intermediary's probable-cause finding." Id. at 532. Importantly, the "taint" exception can be satisfied at the motion to dismiss stage by "mere allegations of taint . . . where the complaint alleges other facts supporting the inference." Id. (citing McLin v. Ard, 866 F.3d 682, 690 (5th Cir. 2017)).

7

However, even considering this exception, the Court concludes that Plaintiff Woodside has not stated a constitutional violation. There are no facts in the complaint or in the attached nolle prosequi hearing transcript that would support an inference of a lack of probable cause. Additionally, this case is distinguishable from the decision in Manuel, 580 U.S. 357, cited by Plaintiff Woodside in his response. In Manuel, the United States Supreme Court held that an individual's Fourth Amendment rights are violated when he is detained pretrial based on fabricated evidence and without probable cause. Id. at 368. The Court explained that Manuel was initially arrested "solely on his possession of pills that had field tested negative for an illegal substance." Id. Despite further negative test results, police fabricated evidence regarding the pills' contents, and "[a]ll that the judge had before him were police fabrications about the pills' content." Id. The Supreme Court concluded:

> "The judge's order holding Manuel for trial therefore lacked any proper basis. And that means Manuel's ensuing pretrial detention, no less than his original arrest, violated his Fourth Amendment rights. Or put just a bit differently: Legal process did not expunge Manuel's Fourth Amendment claim because the process he received failed to establish what that Amendment makes essential for pretrial detention—probable cause to believe he committed a crime."

Id. at 368–69.

Here, Plaintiff Woodside's complaint does not specify what information was presented to the grand jury, nor does it allege

8

facts showing that the Centreville Defendants knowingly withheld Ms. Smith's clarification or otherwise materially misled the grand jury. Neither the original complaint nor the attached nolle prosequi hearing transcript establishes that any alleged omissions or misrepresentations were material to the grand jury's probable cause determination. There are no allegations in the complaint that the officers fabricated information they received from others. Indeed, the complaint does not mention the grand jury at all, nor does it provide factual support for the conclusory assertion that probable cause was lacking.

Accordingly, taking the allegations in the light most favorable to Plaintiff, the Court finds that Woodside's claims for false arrest, false imprisonment, and malicious prosecution do not fall within the "taint" exception and cannot survive dismissal at this stage.

c. Due Process Claims under Section 1983

The Centreville Defendants assert that Plaintiff Woodside's due process claim, based on the alleged withholding of exculpatory evidence (a Brady violation), fails because they are not alleged to have worked for the District Attorney's Office or to have personally participated in the decision to withhold evidence. [ECF No. 18] at 4. Additionally, they allege that liability under Section 1983 requires personal involvement in the alleged constitutional deprivation. See Turner v. Lieutenant Driver, 848

F.3d 678, 695-96 (5th Cir. 2017). Plaintiff Woodside contends that, to the extent law enforcement officers possessed exculpatory evidence and failed to disclose it to the prosecution or the defense, they may be liable under § 1983. [ECF No. 21] at 3.

At this stage, the Court finds that Plaintiff Woodside must allege facts showing that the Centreville Defendants personally participated in, or were causally connected to, the withholding of exculpatory evidence. Turner, 848 F.3d at 695. The original complaint alleges generally that "defendants" failed to disclose evidence, but it does not specifically allege that Officers Grayson or Clark themselves withheld or failed to correct false information. See generally [ECF No. 1]. The Court agrees with the Centreville Defendants that Plaintiff appears to be asserting a claim against the State, rather than against the individual officers. Stated differently, Plaintiff Woodside does not allege that Officers Grayson or Clark themselves fabricated or suppressed exculpatory evidence from the District Attorney's Office. As such, Plaintiff has not alleged a due process violation attributable to these Defendants, and his due process claim fails.

Because Plaintiff has not alleged a constitutional violation, the Court need not reach the second prong of the qualified immunity analysis, which is whether the law was "clearly established" at the time of the alleged violation such that every reasonable officer would have known their conduct was unconstitutional.

10

Thorpe v. Weaver, No. 24-40472, 2026 U.S. App. LEXIS 19966, at *4 (5th Cir. July 8, 2026).

IV.  Conclusion

For the foregoing reasons, the Court concludes that Plaintiff Woodside's state law defamation claim and all federal claims against the Town of Centreville must be dismissed, as Plaintiff has conceded these claims and failed to allege facts sufficient to establish municipal liability or to overcome the statute of limitations. As to the claims for false arrest, false imprisonment, malicious prosecution, and due process violations under Section 1983 against the Centreville Defendants, the Court finds that the complaint and its attachments do not plausibly allege facts supporting the "taint" exception to the independent intermediary doctrine, nor do they establish the personal involvement of the individual Centreville Defendants in any constitutional deprivation.

Accordingly, Plaintiff Woodside has failed to state a claim upon which relief can be granted against the Centreville Defendants or the Town of Centreville. This Order does not address any claims against Defendant Oliver Packnett, who was not included in the present motion to dismiss and remains an active party to this litigation.

IT IS THEREFORE ORDERED that the Centreville Defendants' Motion to Dismiss is GRANTED in full. All claims asserted by Plaintiff Woodside against the Centreville Defendants and the Town of Centreville are hereby DISMISSED with prejudice. This Order does not resolve or adjudicate any claims against Defendant Oliver Packnett, who remains in this case.

SO ORDERED, this the 23 day of July, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE